UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

                        Plaintiff,

          v.

TYWON STEPHENSON,

                        Defendant.

**DECISION AND ORDER**
17-CR-199-A

---

Defendant Tywon Stephenson has moved pursuant to Fed. R. Crim. P. 11(d)(3) to withdraw a guilty plea to knowingly possessing a short-barrel shotgun in violation of 26 U.S.C. § 5861(d). For the reasons stated below, the Court finds that defendant Stephenson's guilty plea lacked a factual basis to satisfy the knowledge element of that offense. The guilty plea was therefore invalid and is vacated.

## DISCUSSION

The Court presumes the parties' familiarity with the prior proceedings and all of the arguments relevant to defendant Stephenson's motion to withdraw his guilty plea. A defendant may be permitted to withdraw a guilty plea after the plea has been formally accepted by a court, but before sentencing, for "any fair and just reason." Fed. R. Crim. P. 11(d)(2)(B). Ordinarily, a Rule 11(d) motion to withdraw a guilty plea requires the Court to consider:

> (1) whether the defendant has asserted his or her legal innocence in the motion to withdraw the guilty plea; (2) the amount of time that has elapsed between the plea and the motion (the longer the elapsed time, the less likely withdrawal would be fair and just); and (3) whether the

government would be prejudiced by a withdrawal of the plea.

*United States v. Schmidt*, 373 F.3d 100, 102-03 (2d Cir. 2004) (per curiam).  But the defendant in this case argues that his guilty plea lacked a factual basis, and additional considerations apply when that issue is raised.  Rule 11(b)(3) requires that if the Court finds that a guilty plea lacked a factual basis at any time before imposition of sentence, it is required to simply vacate the plea and to enter a plea of not guilty on behalf of the defendant.  *United States v. Smith*, 160 F.3d 117, 121 (2d Cir. 1998) (construing prior version of Rule 11(b)(3)).

To determine whether there is an adequate factual basis for a guilty plea pursuant to Rule 11(b)(3):

> [t]he overarching requirement is that the court "assure itself simply that the conduct to which the defendant admits is in fact an offense under the statutory provision under which he is pleading guilty." *United States v. Maher*, 108 F.3d 1513, 1524 (2d Cir. 1997).  "Requiring this examination of the relation between the law and the acts the defendant admits having committed is designed to 'protect a defendant who is in the position of pleading voluntarily with an understanding of the nature of the charge but without realizing that his conduct does not actually fall within the charge.' " *Id.*, quoting *McCarthy v. United States*, 394 U.S. 459, 467 (1969), in turn quoting Fed. R. Crim. P. 11 advisory committee's note.

*United States v. Garcia*, 587 F.3d 509, 518 (2d Cir. 2009) (footnote omitted).  The Court is free to rely upon admissions by the defendant, statements by the United States, and any reliable information in the record that is relevant and material.  *United States v. Culbertson*, 670 F.3d 183, 190-91 (2d Cir. 2012) (quoting *Maher*,

108 F.3d at 1524). While a court is not required "to weigh evidence to assess whether it is even more likely than not that the defendant is guilty," *Maher*, 108 F.3d at 1524[1], the factual-basis requirement applies to each element of the offense to which the defendant pleads guilty. *See e.g.*, *United States v. Adams*, 448 F.3d 492, 500-02 (2d Cir. 2006); *United States v. Gonzalez*, 420 F.3d 111, 133 (2d Cir. 2005).

In this case, defendant Stephenson appeared with counsel on December 19, 2017, and signed a Plea Agreement in which he agreed to plead guilty to the Information charging his April 24, 2017 possession of a short-barrel shotgun in violation of 26 U.S.C. § 5861(d). Dkt. Nos. 19-22. The Plea Agreement listed four elements of the § 5861(d) offense charged in the Information as follows:

    a. the defendant knowingly possessed a firearm;

    b. this firearm was a shotgun having a barrel of less than 18 inches in length;

    c. the defendant knew of the characteristics of this firearm, that is, that it was a shotgun having a barrel of less than 18 inches in length; and

    d. this firearm was not registered to the defendant in the National Firearms Registration and Transfer Record.

Dkt. No. 21, p. 2, ¶ 3. That is a correct statement of the elements of the § 5861(d) offense charged in the Information. *See e.g.*, *United States v. Harris*, 192 F. Supp.

---

[1] The United States relies primarily upon case law involving the legal sufficiency of evidence to support a jury verdict to argue that the Court should find adequate facts to support the knowledge element of the § 5861(d) offense. *See* Dkt. No 47, pp. 10-13. The amount and quality of evidence necessary under Fed. R. Crim. P. 11(b)(3) to support a guilty plea is generally less than that. *Maher*, 108 F.3d at 1524.

3d 337, 343 (W.D.N.Y. 2016) (citing 2 Leonard B. Sand *et al.*, *Modern Federal Jury Instructions, — Criminal,* ¶ 35.16 (Matthew Bender)); *see generally*, *United States v. White*, 863 F.3d 784 (8th Cir. 2017) (discussing *Staples v. United States*, 511 U.S. 600 (1994)). The defendant acknowledged the elements of the offense during his plea allocution. Dkt. No. 41, pp. 15-16.

The next paragraph in the Plea Agreement between the United States and defendant Stephenson, entitled "Factual Basis," stated:

> 4. The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:
>
> > a. On April 24, 2017, at approximately 3:30 p.m., law enforcement officers executed a state search warrant on the defendant, TYWON STEPHENSON, and his residence at 1511-17th street, lower apt. Niagara Falls, New York (hereinafter "Subject Residence"). Officers had obtained video footage that was recorded in the stairway next to the Subject Residence. The video shows on April 20, 2017, at approximately 11:30 pm, STEPHENSON in the doorway holding what appears to be a short-barrel shotgun, while other unidentified males are on the front porch. STEPHENSON can be seen displaying the shotgun at times, and then putting it back in the doorway of the residence.
> >
> > b. In executing the search warrant, officers found on the living room couch of the Subject Residence a Mossberg 12-gauge shotgun, loaded with six (6) 12-gauge shotgun shells and bearing serial number U3I0652. The shotgun has a barrel that was visibly cut to a shortened length. Later examination of the shotgun revealed that it was operable, with an altered barrel that is 16 and 3/8 inches long. Thus, the shotgun meets the definition of a firearm under 26

> U.S.C. § 5845(a) and must be registered with the National Firearms Registration and Transfer Record (NFRTR) under 26 U.S.C. § 5841. Record checks with the NFRTR show that the shotgun was not registered.
>
> c. In a post-arrest, post-Miranda interview, STEPHENSON admitted that the shotgun was his. When asked if he cut down the shotgun, he stated that he bought it the way it is, for $100.

Dkt. No. 21, pp. 2-3, ¶ 4. The defendant acknowledged these facts during his plea allocution. Dkt. No. 43, pp. 6-7. The factual summary refers to no direct evidence that the defendant knew that the shotgun barrel was less than 18 inches in length. *Id*.

The factual summary at paragraph 4 of the Plea Agreement establishes that the barrel of the shotgun had been "visibly cut," but not that the defendant had cut the barrel, or even that the defendant was aware that the barrel had been cut when he possessed the shotgun. Dkt. No. 21, pp. 2-3, ¶ 4. The summary establishes that the defendant denied cutting the barrel himself when he was interviewed after his arrest. *Id*. It does not indicate whether the defendant was asked whether he was aware that the barrel was less than 18 inches in length when he possessed the gun. *Id*.; *see* Dkt. No. 1, ¶ 5 (same).

The factual summary does establish that the barrel of the shotgun had a "shortened length." Dkt. No. 21, pp. 2-3, ¶ 4. It does not indicate whether the defendant recognized that the barrel had been "shortened" when he possessed the shotgun on April 24, 2017. *Id*. Similarly, although the summary establishes that a

5

later measurement of the barrel determined the barrel was 16 and 3/8ths inches in length — which is 1 and 5/8th inches less than the 18 inch threshold — the summary does not show, or contain circumstances giving rise to inferences that show, that the defendant had recognized the barrel was less than 18 inches.

Moreover, during the plea allocution in open Court on December 19, 2017, when the Assistant United States Attorney described the evidence that the United States would introduce at trial to prove the § 5861(d) offense, *see* Dkt. No. 38, pp. 6-7, no evidence proffered showed that it was likely that defendant Stephenson knew the barrel of the shotgun was less than 18 inches in length. And nothing the United States said combined with any other information before the Court at the time of the guilty plea, including everything the defendant acknowledged during the proceeding, satisfied the knowledge element, either[2].

The United States argues that the Court should infer from the fact that the barrel of the shotgun possessed by defendant Stephenson was 16 and 3/8ths inches in length that the defendant must have known that the barrel was less than 18 inches. Dkt. No. 47, pp. 11-13. But the 1 and 5/8ths inch difference is not that large, and the Court is unable to conclude that it was apparent to the defendant that the barrel was less than 18 inches. There was not enough information before the Court to support an inference that an average person would recognize that the

---

[2] The Court may find a factual basis for guilty plea anywhere in the record at the time of the plea. *United States v. Culbertson*, 670 F.3d 183, 190-91 (2d Cir. 2012); *United States v. Adams*, 448 F.3d 492, 499 (2d Cir. 2006), citing *Irizarry v. United States*, 508 F.2d 960, 967 (2d Cir. 1974).

barrel of the defendant's shotgun was less than 18 inches in length, let alone to support an inference that a person with a disability similar to the defendant's, *see* Dkt. No. 43, pp. 5-8, 18-23, would recognize it.

A defendant's agreement to plead guilty to a charge is not alone enough to sustain the plea. *See United States v. Adams*, 448 F.3d 492, 500-501 (2d Cir. 2006). In this case, Rule 11(b)(3) requires a basis in the record of the plea proceeding to conclude it was likely that defendant Stephenson knew that the barrel of his shotgun was less than 18 inches in length when he possessed it, *see United States v. Maher*, 108 F.3d 1513, 1524 (2d Cir. 1997), and the record before the Court at the time of the defendant's guilty plea is insufficient to meet that standard.

Under Federal Rule of Evidence 11(h), a harmless error does not invalidate a guilty plea proceeding. Here, however, the Court finds nothing in the record that the parties might have relied upon to satisfy the factual basis requirement for the knowledge element of the § 5861(d) offense. Under these circumstances, acceptance of the defendant Stephenson's guilty plea was not a harmless error:

> [a] lack of a factual basis for a plea is a substantial defect calling into question the validity of the plea. *See Godwin v. United States*, 687 F.2d 585, 591 (2d Cir. 1982) "Such defects are not technical, but are so fundamental as to cast serious doubt on the voluntariness of the plea," *Id*. (internal citations omitted), and require reversal and remand so that the defendant may plead anew or stand trial. *Id*.

*United States v. Adams*, 448 F.3d 492, 502 (2d Cir. 2006).

Moreover, the post-plea record before the Court shows that the shotgun also

7

had an altered and shortened buttstock and a pistol grip.  Dkt. No. 43, p. 9, ¶ 30; Dkt. No. 47, pp. 10-11; Dkt. No. 47-2, p. 2.  The barrel was longer relative to the length of the shotgun as a whole, and that could make it even less likely that the barrel would obviously appear less than 18 inches in length.  In addition, defendant Stephenson's post-plea submissions show that he has cognitive impairments that are relevant to whether he can be expected to have recognized that the barrel of the shotgun was less than 18 inches in length.  Dkt. No. 43, Ex. B  (under seal); *see also* Dkt. No. 38, pp. 6-8.  The defendant may have entered the guilty plea without realizing that his conduct did not actually fall within all the elements of the § 5861(d) offense.  That is what the factual basis requirement of Rule 11(b)(3) is designed to prevent.  *See McCarthy v. United States*, 394 U.S. 459, 467 (1969 (construing prior version of Rule 11(b)(3))).  The Court therefore vacates the defendant's guilty plea.  The Court need not address the other grounds raised by the defendant in support of his Rule 11(d) motion to withdraw his guilty plea.

## CONCLUSION

For the reasons stated above, the Court finds the facts proffered during defendant Stephenson's plea allocution did not show that the defendant knew that the shotgun he possessed had a barrel length of less than 18 inches when he possessed it.  Because that knowledge is an element of the § 5861(d) offense, the factual basis for the defendant's guilty plea was inadequate.  Fed. R. Crim. P. 11(b)(3).  Because no other information in the record at the time of the guilty plea

satisfied the knowledge element of the offense, the deficiency of the plea allocution was not a harmless error, and the defendant's guilty plea was therefore invalid. The defendant's guilty plea is vacated, and the Court enters a plea of not guilty to the pending Information on behalf of the defendant. The parties shall appear for further proceedings on December 11, 2018 at 10:00 a.m.

**IT IS SO ORDERED.**

    *Richard J. Arcara*
    HONORABLE RICHARD J. ARCARA
    UNITED STATES DISTRICT COURT

Dated: December 10, 2018