UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

═══════════════════════════════════

UNITED STATES OF AMERICA,

      v.

TYWON STEPHENSON,

               Defendant.

**DECISION AND ORDER**
17-CR-199-A

═══════════════════════════════════

The defendant, Tywon Stephenson, is charged in a five-count Indictment with one count of possession of cocaine base with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); one count of possession of marijuana with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D); one count of maintaining a drug-involved premises, in violation of 21 U.S.C. § 856(a)(1); one count of possession of firearms in furtherance of drug trafficking, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i) and 924(c)(1)(B)(i); and one count of possession of an unregistered short-barrel shotgun, in violation of 26 U.S.C. §§ 5841, 5845(a)(1), 5861(d), and 5871 (Dkt. No. 94).

Pursuant to 18 U.S.C. § 3145(b), defendant Stephenson appeals a detention order of Magistrate Judge Michael J. Roemer entered on March 18, 2020 after a hearing on Stephenson's third motion for release from custody on February 28, 2020 (*see* Dkt. Nos. 125, 128, 129, 136).  Stephenson contends he should be immediately released on home confinement with electronic monitoring because:  (1) his continued detention implicates "significant constitutional speedy trial and due process concerns", particularly as there is no definitive trial date due to the COVID-19 pandemic; (2) the

1

pandemic constitutes a change in circumstances warranting his immediate release

because one staff member at the Northeastern Ohio  Correctional  Facility where

defendant is housed tested positive for the virus, and the pandemic has hindered

meeting with counsel face-to-face for trial preparation and review of discovery; and (3)

he is charged with simple possession of a gun with no violence alleged.

The United States argues that delays in the case are attributable to Stephenson

and his detention is not "unconstitutionally excessive".  It also asserts that none of the

18 U.S.C. § 3142(g) factors have changed since defendant was first detained and he

remains a flight risk and a danger to the community, and the pandemic does not operate

as a "compelling reason" justifying his release.

Upon *de novo* review of all the circumstances, and for reasons stated below, the

Court finds pursuant to 18 U.S.C. § 3142(e) that no conditions of release, or

combinations of conditions, will reasonably assure the safety of the community or

reasonably assure defendant Stephenson's appearances as required.  The Court also

finds specifically that the defendant's Sixth Amendment speedy trial right has not been

violated, and that the defendant has not carried his burden to show that his statutory

speedy trial rights were violated.  Moreover, Stephenson's concerns regarding the

pandemic do not alter the Court's determination to continue his detention.  Accordingly,

the Court affirms the March 18, 2020 detention order.

## DISCUSSION

The Court assumes the parties' familiarity with the facts they have proffered, the

procedural history, and the issues on review.  The Court refers to those proceedings

and its rulings only as is necessary to explain the reasoning that follows.

I.       **Stephenson's Sixth Amendment Claim.**

Defendant Stephenson argues that his continued detention implicates "significant constitutional speedy trial and due process concerns" because of the current length of his detention and an "inevitable", projected trial delay due to the circumstances of the coronavirus pandemic.  Dkt. No. 129, pp. 1-3; Dkt. No. 136, pp. 2-4.

The Sixth Amendment Speedy Trial Clause provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial."  U.S. Const. amend. VI.  The Sixth Amendment right to a speedy trial embodies "one of the most basic rights preserved by our Constitution."  *Klopfer v. North Carolina*, 386 U.S. 213, 226 (1967).  It protects the accused from actual or possible prejudice due to inordinate delay, and serves to " 'prevent undue and oppressive incarceration prior to trial, . . . minimize anxiety and concern accompanying public accusation . . . [as well as] to limit the possibilities that long delay will impair the ability of an accused to defend himself.' " *United States v. Marion*, 404 U.S. 307, 320 (1971) (ellipses added), quoting *United States v. Ewell*, 383 U.S. 116, 120 (1966).

While the Sixth Amendment speedy trial right is a basic right, it is "a more vague concept than other procedural rights."  *Barker v. Wingo*, 407 U.S. 514, 521 (1972).  The Supreme Court has identified four inter-related factors to be considered in determining whether a defendant's right to a speedy trial has been violated:  " 'the length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant.' "  *Doggett v. United States*, 505 U.S. 647, 651 (1992), quoting *Barker*, 407 U.S. at 530.  It is well-settled that "[t]hese [four] factors 'must be considered together with such other circumstances as may be relevant' and 'have no talismanic qualities.'"

3

*United States v. Cain*, 671 F.3d 271, 296 (2d Cir. 2012), quoting *Barker*, 407 U.S. at

533.  If a violation of an accused Sixth Amendment speedy trial right is established, the

pending charges are dismissed with prejudice.  *See Strunk v. United States*, 412 U.S.

434, 438 (1973).

**Length of delay.**

The first of the *Barker* factors—the length of the delay—serves initially to help

assess whether consideration of the other three factors is appropriate.  *Cain*, 671 F.3d

at 296.  Here, the delay is past the initial threshold.

Ordinarily, delay approaching one year qualifies as presumptively prejudicial and

justifies inquiry into the remaining *Barker* factors.  *Doggett*, 505 U.S. at 652 n.1.  In the

Second Circuit, there is a "general consensus" that a delay of more than eight months is

presumptively prejudicial and merits further inquiry.  *United States v. Vassell*, 970 F.2d

1162, 1164 (2d Cir. 1992).  On the other hand, even much longer delays do not

necessarily give rise to a Sixth Amendment violation where circumstances justify the

delay.  *See e.g., United States v. Ghailani*, 733 F.3d 29, 46-49 (2d Cir. 2013) (five-year

delay); *United States v. Blanco*, 861 F.2d 773, 777-780 (2d Cir. 1988) (10-year delay);

*see also United States v. Jones*, 91 F.3d 5, 9 (2d Cir. 1996) (collecting cases holding no

speedy-trial violation despite delays ranging from 28 months to six years).  Excessive

delay "cannot alone carry a Sixth Amendment claim without regard to the other *Barker*

criteria."  *Doggett*, 505 U.S. at 656.  The criteria are all inter-related and must be

considered together with such other circumstances as may be relevant.  *Barker*, 407

U.S. at 533.

Regardless of whether the Sixth Amendment speedy trial right attaches on the date when defendant Stephenson was first charged in the Criminal Complaint on June 1, 2017, over three years ago, or when the Indictment was returned with pending charges on May 15, 2019, approximately one year and one month ago, either start date renders a delay long enough to trigger consideration of the other *Barker* factors. *See Vassell*, 970 F.2d at 1164.

**Reason for the delay.**

There are three types of Sixth Amendment speedy trial delay: deliberate, neutral, and valid. *See Barker*, 407 U.S. at 531. Deliberate delay, which is delay intended to confer an advantage over a defendant, weighs most heavily against the government. *Id.* Neutral delay, delay resulting from government negligence and overcrowded court dockets, is less weighty. *Id.*; *United States v. Vasquez*, 918 F.2d 329, 338 (2d Cir. 1990) (no Sixth Amendment violation despite apparent government negligence in failing to expedite a mental competency evaluation); *but see Flowers v. Warden, Connecticut Correctional Institution*, 853 F.2d 131, 134 (2d Cir. 1988) (a 17-month delay due to government dysfunction "might well merit dismissal" where greater prejudice to a defendant is established). Finally, delay is considered "valid" delay in this context if it is reasonable pretrial delay (*see e.g. Vassell*, 970 F.2d at 1165 (7-month delay in complex case to negotiate plea and cooperation agreement with co-defendant)), and delays attributable to the defendant (*see e.g. Davis v. Kelly*, 316 F.3d 125, 126-127 (2d Cir. 2003) (57-month delay caused by "repeated replacements of the defendant's attorney at his request")).

According to defendant Stephenson, the United States' filing of the Indictment on May 15, 2019, six days before oral argument on his Second Circuit appeal, "reeks of deliberate delay", included "new and baseless charges", and violates defendant's due process rights.  Dkt. No. 119, pp. 4-5 ¶¶ 13, 17.  This is the only delay with which defendant specifically takes issue, along with the delay following the filing of the Indictment when he filed supplementary pretrial motions regarding the new charges.  However, Stephenson's conclusory and speculative assertion that the timing of the Indictment's filing was "retaliatory" is not enough for the Court to conclude that such was a deliberate delay on the part of the United States.  The other delays in the prosecution appear either valid or neutral, including pretrial motions, several changes in defense counsel, an interlocutory appeal, and a mental competency hearing and evaluation.

**Assertion of the right.**

Whether a defendant is serious about wanting a speedy trial is the third *Barker* factor.  *See Barker*, 407 U.S. at 530.  A "lack of timeliness, vigor or frequency" in asserting the right does not waive the claim, but it undercuts it.  *Rayborn v. Scully*, 858 F.2d 84, 93 (2d Cir. 1988); *see Garcia Montalvo v. United States*, 862 F.2d 425, 426 (2d Cir. 1988) (no violation where defendant raised issue six years after trial); *but see Doggett*, 505 U.S. at 654 (post-arrest assertion timely more than eight years after indictment filed because defendant had been unaware of indictment).

Defendant Stephenson argued in his motion for release (Dkt. 119, p. 5 ¶ 16) that he has "continually" asserted his right to a speedy trial, mentioning a prior bail motion filed on January 28, 2019 (*see* Dkt. No. 68) and an affirmation filed January 6, 2020

6

(*see* Dkt. No. 114).  The United States does not contest this assertion.  Thus, this factor seems to weigh in defendant's favor or at the very least, does not weigh against him.

**Prejudice to the Defendant.**

There are basically three types of Sixth Amendment speedy trial prejudice that are relevant under *Barker*:  pretrial imprisonment, presumed prejudice due to anxiety, and impairment of the defense.  *Barker*, 407 U.S. at 532.  The last of these three types is the most serious (*see id.* at 532), and has been more prominent among rare dismissals of criminal cases on constitutional speedy trial grounds (*see e.g. United States v. Vispi*, 545 F.2d 328, 335 (2d Cir. 1976) (difficulty locating documentary evidence)).  Nevertheless, the presumption of prejudice inherent in a sufficiently lengthy delay also may be enough for a defendant to prevail on a Sixth Amendment claim even absent "proof of particularized prejudice."  *Doggett*, 505 U.S. at 655 (right to speedy trial violated by eight-and-a-half year delay between indictment and arrest).  Prejudice that is merely conjectural does not suffice to warrant dismissal.  *See United States v. Moreno*, 789 F.3d 72, 81 (2d Cir. 2015) (possibility that defendant may no longer recall certain phone conversations was belied by conversations having been recorded and "thus fully preserved", and failure to recall context "may [also] be said of the government's witnesses"); *see also Barker*, 407 U.S. at 521 (fading memories often "work to the accused's advantage").

Defendant Stephenson argued in his release motion that he is prejudiced because it is more difficult for him to investigate the drug charges in the Indictment than if those charges had been brought initially in the Criminal Complaint.  He further argues that "he has to investigate claims that alleged[ly] occurred two (2) years ago and many

of the witnesses *may not* be available." Dkt. No. 119, p. 5 ¶ 17 (emphasis added). The United States counters this argument (Dkt. No. 133, pp. 6, 9), pointing out that certain delays were at defendant's request and benefit, such as the mental health and competency evaluation (*see* Dkt. Nos. 74-75, 104), and that defendant's omnibus motion filed before the Indictment was returned sought to suppress physical evidence and statements that formed the basis of the Indictment (*compare* Dkt. No. 87 *with* Dkt. No. 94).

The Court finds that there are delays in this case attributable to defendant Stephenson and that the charges in the Indictment, as represented by the United States, encompass the same course of conduct as was charged in the Criminal Complaint. Moreover, Stephenson's argument that he has been prejudiced because his defense has been impaired appears largely speculative, which is not enough to warrant dismissal. *See Moreno*, 789 F.3d at 81; *see e.g. Cain*, 671 F.3d at 297 (defendant did not actually identify "any lost witnesses or evidence" and made "no serious effort to establish that [possible] risks were significantly increased due to the relatively brief period in which his case was pending").

The Court has given careful consideration to the proper weight to assign to the four inter-related *Barker* factors in assessing defendant Stephenson's Sixth Amendment speedy trial claim. The Court finds that the reasons for the delay were primarily neutral and valid, and that the delays in bringing the defendant to trial have not impaired the fundamental fairness of the prosecution enough to warrant dismissal under the Sixth Amendment. Stephenson expresses concern over the uncertainty of when a trial may begin, especially due to the situation posed by the coronavirus pandemic. Dkt. No. 129,

p. 1.  The Court is surely aware of the unexpected challenges imposed by the

pandemic, particularly with respect to conducting jury trials.  Nevertheless, a status

conference to schedule jury selection and trial, or a change of plea, has been scheduled

for June 23, 2020 at 10:00 a.m. (*see* Dkt. No. 140), and due to the length of defendant

Stephenson's pretrial detention, the Court has placed Stephenson's jury trial at the

forefront of its pending trial calendar.

## II.    Stephenson's Speedy Trial Act Claim.

The Speedy Trial Act of 1974, 18 U.S.C. §§ 3161-3174, generally requires a

defendant's trial to begin within 70 days of the defendant's first appearance before a

judicial officer or the filing of an indictment, whichever occurs later.  *See* 18 U.S.C. §

3161(c)(1); *see also United States v. Oberoi*, 295 F. Supp. 2d 286, 289 (W.D.N.Y.

2003), *aff'd*, 547 F.3d 436 (2d Cir. 2008).  The 70-day clock is subject to certain periods

of delay specified in the Act, but if the defendant is not brought to trial before the 70-day

clock runs out, the indictment "shall be dismissed on motion of the defendant."  18

U.S.C. § 3162(a)(2).  The defendant is the one who bears the burden of proving a

violation of the Speedy Trial Act on such a motion. *See* 18 U.S.C. § 3162 (a)(2)

(providing that "[t]he defendant shall have the burden of proof of supporting such motion

. . ."); *see also United States v. Adams*, 448 F.3d 492, 503 (2d Cir. 2006).

In denying defendant Stephenson's subject motion for release, Magistrate Judge

Roemer held that there was no violation of defendant's statutory speedy trial rights.

Dkt. No. 128.  The Court concludes that to the extent defendant Stephenson makes a

Speedy Trial Act claim, he did not meet his burden and has made little attempt to do so.

Stephenson does not specifically challenge any of the exclusions of time that were

made over the course of this prosecution.  Instead, Stephenson offers only non-specific, speculative assertions, such as "there are significant *constitutional* speedy trial and due process concerns implicated by continuing to detain Mr. Stephenson".  Dkt. No. 129, p. 3 (emphasis added).  He even "acknowledge[s] that several of the delays in this case are attributable to the litigation of many key issues."  Dkt. No. 136, p. 3.  These assertions are wholly insufficient to meet Stephenson's burden, and the latter undercuts any argument that the Speedy Trial Act rights have been violated.

The Act excludes periods of delay from the 70-day clock as a matter of law, as is pertinent here, due to the filing of "any pretrial motion" through prompt disposition of the motion, and due to proceedings and examinations to determine a defendant's mental competency.  18 U.S.C. § 3161(h)(1)(A), (D); *see United States v. Tinklenberg*, 563 U.S. 647, 660 (2011) (the filing of a motion automatically stops the speedy trial clock without regard to causation or the reasonableness of ensuing delay); *Vasquez,* 918 F.2d at 333 ("delays arising from mental competency examinations and pretrial motions are excluded from the running of the speedy trial clock, without any inquiry into the reasonableness of the delay").  It also excludes delay while an interlocutory appeal is pending.  18 U.S.C. § 3161(h)(1)(C).  These periods of delay are properly excluded as a matter of law (*see Tinklenberg*, 563 U.S. at 660) and do not count against the Act's 70-day time-to-trial clock.

Also excludable is "any period of delay . . . if the judge . . . find[s] that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Under this exclusion, the court

must "set[] forth, in the record of the case, either orally or in writing, its reasons [for so finding]." *Id.*

In the absence of any meaningful allegation or showing that a Speedy Trial Act violation has occurred (*see e.g. United States v. Pennick*, 2018 U.S. Dist. LEXIS 118260, *25-27 (W.D.N.Y. July 16, 2018))—Stephenson does not allege even a single error in the application of the Speedy Trial Act—Stephenson's bail appeal seeking release to home detention must be denied to the extent he is seeking release based on Speedy Trial Act grounds. Stephenson does not assert any periods of time were not properly excluded from the Speedy Trial Act clock or when the 70 days to proceed to trial lapsed. In any event, a review of the docket entries here reveals that there have been numerous pretrial proceedings that produced substantial delays (many at the behest of defendant Stephenson), including pretrial motions, an interlocutory appeal, bail hearings, a competency examination and proceedings, and several changes of defense counsel. Accordingly, the Court finds that any post-indictment, pretrial delay does not exceed the 70-day limit under 18 U.S.C. § 3161(c)(1) because most, if not all, of this time was properly excluded.

### III.    Bail Reform Act of 1984.

Under the Bail Reform Act of 1984, a criminal defendant awaiting trial must be released on bail unless the defendant presents an unreasonable risk of flight or "will endanger the safety of any other person or the community." 18 U.S.C. § 3142(b). When reviewing a magistrate judge's detention order, the district court performs *de novo* review of that order. *See United States v. Leon,* 766 F.2d 77, 80 (2d Cir. 1985) (finding that a district court "should not simply defer to the judgment of the [M]agistrate,

11

but [should] reach its own independent conclusion"). When conducting *de novo* review, the district court may rely on the record of the proceedings before the magistrate judge and may also accept additional evidence. *See e.g. United States v. Colombo*, 777 F.2d 96, 98 (2d Cir. 1985). The appeal of a magistrate judge's pretrial detention order to this Court is to be "determined promptly." 18 U.S.C. § 3145(b).

The United States has the burden to show by clear and convincing evidence that the danger posed by the defendant cannot be alleviated by any combination of available bail conditions. *See United States v. Chimurenga*, 760 F.2d 400, 405 (2d Cir.1985). It also has the burden to show by a preponderance of the evidence a serious risk of flight for which no conditions will reasonably assure the defendant's appearances in court and as otherwise required. *Id.* In determining whether there are conditions of release that will reasonably assure the safety of the community and a defendant's appearances as required, the Court must consider the factors listed in 18 U.S.C. § 3142(g):

> (1) the nature and circumstances of the offense charged, including whether the offense . . . involves . . . a controlled substance;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including –
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>
>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g) (ellipses supplied).

Because Stephenson is charged with possession of a firearm in furtherance of drug trafficking, a finding of probable cause to believe that such an offense was committed, and that the defendant committed it, gives rise to a rebuttable presumption "that no condition or combination of conditions will reasonably assure the appearance of the [defendant] as required and the safety of the community."  18 U.S.C. § 3142(e)(3). A grand jury indictment alone, such as the one returned here (*see* Dkt. No. 94), establishes probable cause; no independent finding of probable cause by the Court is necessary.  *See United States v. Contreras*, 776 F.2d 51, 55 (2d Cir. 1985).

When the § 3142(e) rebuttable presumption in favor of detention arises, the United States retains the burden of persuasion if it is seeking detention, and "a defendant must introduce some evidence contrary to the presumed fact[s] to rebut the presumption."  *United States v. Rodriguez*, 950 F. 2d 85, 88 (quotation omitted) (2d Cir. 1991).  "Once a defendant introduces rebuttal evidence, the presumption, rather than disappearing altogether, continues to be weighed along with other factors to be considered when deciding whether to release a defendant."  *Id.* (quotation omitted). The § 3142(e) presumptions, if unrebutted, are alone sufficient to sustain the United States' burdens of proof on danger and serious risk of flight.  *See id.; see also United States v. Parker*, 65 F. Supp. 3d 358, 364 (W.D.N.Y. 2014).

In this case, the Court finds that defendant Stephenson poses a serious risk of flight and a danger to other persons and the community.  On appeal, the defendant argues that he is "charged with simply possessing a gun", no violence is alleged against him in the Indictment, and there is a question of fact whether the alleged unregistered

short-barrel shotgun was less than 18 inches and thus illegal.  Stephenson also argues

that while he was indicted on cocaine distribution charges, no cocaine was found in his

house and nothing disclosed by the United States indicates that there is evidence

supporting the narcotics charges.  Dkt. No. 129, pp. 2-3.  In turn, the United States

argues that the § 3142(g) factors justify Stephenson's continued detention.  Dkt. No.

133, pp. 16-19.

The United States proffers that law enforcement officers recovered both a loaded

shotgun and a loaded 9 mm handgun inside of Stephenson's residence; video evidence

within a few days of the execution of the search warrant captured Stephenson on video

in possession of both the shotgun and the 9 mm handgun; and Stephenson admitted to

having purchased the sawed-off shotgun for $100.00.  The United States further

proffers that Stephenson admitted to selling cocaine base for years in Niagara Falls.

The proffered evidence seems to support the offenses with which the defendant is

charged.  In addition, the charges together carry high penalties with a sentence of

imprisonment upon conviction that is likely to be long, meaning defendant Stephenson

has a stronger motive to flee.  *See United States v. Sabhnani*, 493 F.3d 63, 76 (2d Cir.

2007).

Moreover, between 2009 and 2016, Stephenson accrued seven convictions for

State offenses, including charges such as assault and resisting arrest, resulting in a

criminal history category of V.  Dkt. No. 25, pp. 9-13.  As noted by Magistrate Judge

Roemer in a December 27, 2018 detention order, Stephenson accumulated 11 bench

warrants, a conviction for attempted bail jumping, two prior arrests for resisting arrest,

and two prior bond forfeitures.  Dkt. No. 58, p. 3.  Defendant has a history of domestic

14

violence, with six previous temporary orders of protection filed against him.  Dkt. No. 25, p. 13 ¶ 44.

Stephenson has also repeatedly failed to comply with his pretrial release conditions.  At the inception of the instant case, in June 2017, Stephenson was released on conditions—with zero tolerance for violating any condition imposed—and co-signed a signature bond with his girlfriend.  Dkt. Nos. 4, 6-7.  In early August 2017, Stephenson violated the pretrial release condition prohibiting him from using any alcohol or illegal drugs and he was verbally reprimanded.  Dkt. No. 25, p. 5 ¶ 7.  In October and November 2017, Stephenson committed more violations including failure to attend mental health counseling, failure to take his prescribed medication, and failure to abide by curfew.  Dkt. No. 25, pp. 5-6 ¶ 8.

Other factors weighing in favor of defendant Stephenson's continued detention are his significant familial ties to Chicago, Illinois; his lack of a stable residence or employment; his abuse of narcotics; and a host of mental health issues for which he has failed to follow through with treatment.  *See* Dkt. No. 25, pp. 19-24 ¶¶ 73, 77-92; Dkt. No. 58, pp. 2-3.  The Court has received various letters from Stephenson during the course of this litigation demonstrating his erratic behavior and mental health issues. *See e.g.* Dkt. Nos. 59, 60, 62, 64.

The Court agrees with the Magistrate Judge that the preponderance of the evidence before the Court, and the statutory presumption of flight risk, establish that any set of available conditions will not reasonably assure the appearance of defendant Stephenson as required.  Similarly, the Court finds that the United States has established by clear and convincing evidence that Stephenson is a danger to individuals

and the community and by the same standard that any set of available conditions that might be imposed on his release will not adequately assure the safety of any other person or the community.  Accordingly, under all the circumstances and substantially for the reasons more fully articulated by the Magistrate Judge, the Court finds that Stephenson is a flight risk and danger who must be detained pending trial.

## IV.   COVID-19 Pandemic.

Lastly, defendant Stephenson argues that he should be released because the COVID-19 pandemic poses a risk of exposure to him in jail and a staff member at the Northeastern Ohio Correctional Facility where is he currently housed tested positive for the virus.  He also argues that the attorney-client relationship is hindered by his continued detention because it is impossible to conduct face-to-face meetings with defense counsel, and as the case proceeds to trial it will be impossible to meet with Stephenson to review discovery and prepare for trial.  While it is unclear what provision of the Bail Reform Act defendant relies upon, several possibly apply here.  *See* 18 U.S.C. §§ 3142(f) (the hearing may be reopened before trial upon a material change in circumstances on the issues of flight risk and danger), (g)(3)(A) (the Court must consider the defendant's history and characteristics, including his or her physical condition); (i) (allowing temporary release if "necessary for preparation of the person's defense or for another compelling reason").

While the Court is certainly cognizant of the unprecedented risks posed to individuals and the public by the rapidly-unfolding pandemic, defendant Stephenson is young (age 30) and his presentence investigation report indicated he is in good physical health with no history of significant illness or injury.  Dkt. No. 25, pp. 16 ¶ 65, 20 ¶ 76.

16

Defendant does not argue that he has any medical condition placing him at an increased risk of complications or severity of symptoms if he were to contract the virus. Moreover, defense counsel does not argue that at this time he is unable to communicate with defendant Stephenson by telephone or other electronic means.

## CONCLUSION

For the reasons stated above, defendant Stephenson's motion pursuant to 18 U.S.C. § 3145(b) (Dkt. Nos. 129, 136) to revoke Magistrate Judge Roemer's pretrial detention order (Dkt. Nos. 125, 128) is denied. Defendant Stephenson shall remain committed to the custody of the Attorney General pursuant to 18 U.S.C. § 3142(e) for confinement in a correctional facility separate, to the extent practical, from persons awaiting or serving sentences or being held in custody pending appeal. The Attorney General shall afford the defendant a reasonable opportunity for private consultation with counsel. This ruling is without prejudice to the defendant's right to the presumption of innocence, and to his right, pursuant to 18 U.S.C. § 3142(f), to seek reconsideration of his pretrial detention based upon changed circumstances.

SO ORDERED.

_s/Richard J. Arcara_____
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT COURT

Dated:   June 17, 2020

17