UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

===

UNITED STATES OF AMERICA,

                              Plaintiff,

                                                    **DECISION AND ORDER**

              v.                                    17-CR-199-A

TYWON STEPHENSON,

                              Defendant.

===

        Defendant Tywon Stephenson has filed a motion pursuant to Federal Rule of

Criminal Procedure 11(d) to withdraw his October 1, 2020 plea of guilty to a

Superseding Information charging him with possession of a firearm while being an

unlawful user of a controlled substance in violation of 18 U.S.C. § 922(g)(3).  For the

reasons stated below, the motion to withdraw the guilty plea is denied.

## DISCUSSION

        The Court presumes the parties' familiarity with the prior proceedings and the

issues relevant to defendant Stephenson's motion to withdraw his guilty plea.  The

Court summarizes applicable law, the prior proceedings, and the parties' arguments

only to the extent necessary to explain the Court's findings and rulings.

        In general, a defendant may withdraw a guilty plea after the plea has been

accepted by a court, but before sentencing, for any fair and just reason.  Fed. R.

Crim. P. 11(d)(2)(B).  While "th[e any-fair-and-just reason] standard implies that

motions to withdraw [a guilty plea] prior to sentence should be liberally granted,"

*United States v. Doe*, 537 F .3d 204, 210 (2d Cir. 2008), a "guilty plea is a 'grave

and solemn act,' not to be withdrawn lightly." *United States v. Hyde*, 520 U.S. 670, 677 (1997).  "[S]ociety has a strong interest in the finality of guilty pleas, and allowing withdrawal of pleas not only undermines confidence in the integrity of our judicial procedures, but also increases the volume of judicial work, and delays and impairs the orderly administration of justice." Doe, 537 F.3d at 211 (quotation marks omitted); *see United States v. Maher*, 108 F.3d 1513, 1529 (2d Cir. 1997). Accordingly, neither  "bald statements that simply contradict what [a defendant] said at his plea allocution," *United States v. Torres*, 129 F.3d 710, 715 (2d Cir. 1997), nor an after-the-fact change of heart, are fair and just reasons to withdraw a guilty plea. *Lee v. United States*, 137 S. Ct. 1958, 1967 (2017).

A defendant bears the burden to establish a fair and just reason for guilty plea withdrawal.  *United States v. Rivernider*, 828 F.3d 91, 104 (2d Cir. 2016).  And "to determine whether [a] defendant has shown a 'fair and just reason' to justify withdrawal, a court considers, *inter alia*:  (1) whether the defendant has asserted his or her legal innocence in the motion to withdraw the guilty plea; (2) the amount of time that has elapsed between the plea and the motion . . . ; and (3) whether the government would be prejudiced by a withdrawal of the plea."  828 F.3d at 104 (quoting *United States v. Schmidt*, 373 F.3d 100, 102–03 (2d Cir. 2004)).  Of course, "[c]ourts may also look to whether the defendant has raised a significant question about the voluntariness of the original plea."  *Schmidt*, 373 F.3d at 103 (quotation and modifications omitted).

Defendant Stephenson suggests that his guilty plea was not voluntary because he was fooled into entering into a Plea Agreement that was different from

an earlier, more lenient, draft that he wanted to accept.  *See* Dkt. No. 169.

However, it is well-settled that questions of voluntariness may be resolved without

an evidentiary hearing, and the motion to withdraw a guilty plea may be denied,

when a defendant's allegations of involuntariness are contradicted by the

defendant's statements made under oath during the plea proceeding.  *See United*

*States v. Gonzalez*, 970 F.2d 1095, 1101 (2d Cir. 1992); *United States v. Diaz*, 176

F.3d 52, 114 (2d Cir. 1999) (application to remand for evidentiary hearing denied

where defendant's claim that he was threatened into pleading guilty was

unsupported in record and contradicted by his plea colloquy); *United States v.*

*Torres*, 129 F.3d 710, 715-16 (2d Cir. 1997) (same).  Similarly, a Rule 11(d) motion

to withdraw a guilty plea may be denied without a hearing when supporting

allegations are "simply conclusory" or "inherently incredible."  *Gonzalez*, 970 F.2d at

1100.  In this case, defendant Stephenson's October 1, 2020 change-of-plea

allocution under oath, *see* Dkt. No. 176, shows that his suggestions that he

involuntarily entered his guilty plea are without merit.

By way of background, defendant Stephenson was appearing *pro se* as his

own counsel when he entered the guilty plea on October 1, 2020.  Before allowing

the defendant to exercise his right to proceed *pro se*, the Court took special pains to

ensure that he understood the serious disadvantages of representing himself.  The

Court has become well-acquainted with the defendant during the lengthy pretrial

proceedings in this case, including proceedings more than two years ago when the

Court vacated his earlier guilty plea to a different charge because the plea lacked a

complete factual basis.  *See* Dkt. No. 50.  Partly due to the Court's informed

assessment of the defendant's cognitive status, and partly due to constraints on the Court's ability to convene in-person proceedings because of the COVID-19 pandemic, the Court even took the unusual step of assigning counsel to the defendant solely for the purpose of giving him independent legal advice on the disadvantages of representing himself.  *See* Minute Entries 06/23/2020, 07/09/2020, 07/23/2020.  After the Court was satisfied that the defendant's decision to represent himself was knowing and voluntary, his previously assigned counsel was relieved and the attorney assigned solely to advise the defendant on his decision whether to proceed *pro se* was assigned as his standby counsel[1] while he represented himself.

Defendant Stephenson argues that his guilty plea was involuntary partly because he was "coerced" into entering the plea.  Dkt. No. 169-1, p. 4, ¶ 18; 169-1, Ex. A, p. 2.  In *United States v. Juncal*, 245 F.3d 166  (2d Cir. 2001) the Second Circuit observed:

> It is . . . commonplace that a defendant will feel "coerced" in the lay sense of the word by an attorney's recommendation to plead guilty rather than proceed to trial. Such recommendations often come with predictions of almost inevitable conviction at trial followed by a long jail sentence.  A feeling of duress is hardly an unusual outcome of such deliberations.

245 F.3d at 174.  This "feeling of duress" is not coercion.

---

[1] Incidentally, the defendant's argument that he was given ineffective assistance of counsel in connection with his evaluation of his plea-or-trial options in the time period leading up to his October 1, 2020 change of plea, in connection with his review of the Plea Agreement that he entered into, and during that guilty-plea proceeding, is without merit.  The defendant was representing himself after his knowing and voluntary decision to exercise his right to do so.  He had no Sixth Amendment right to effective assistance of standby counsel, *see United States v. Schmidt*, 105 F.3d 82, 90 (2d Cir. 1997), and there is no indication that standby counsel was so closely involved as to be constructively acting as his full-fledged counsel.  *See id.*; Dkt. No. 169-1, p. 3, ¶ 14.

During defendant Stephenson's plea allocution, the Court engaged him in conversation about his education, his family background, his hobbies, and his physical and mental status. *See* Dkt. No. 176, pp. 6-13. Based upon that preliminary colloquy, the Court found the defendant to be "intelligent, alert, focused and [] not under the influence of any drug, medicine, or alcohol." *Id.* at 13. A short time later, the Court inquired:

THE COURT:      Anyone making you proceed with this plea and this waiver today?

DEFENDANT:      No, Your Honor.

*Id.* at 15.

After the nearly word-for-word review of the Plea Agreement, the Court again asked:

THE COURT:      Now, sir, we've gone over the agreement in court. You indicated you understand it. You signed it indicating that you understand it. Any questions, sir?

DEFENDANT:      No, Your Honor.

THE COURT:      Are these all the terms and conditions of the plea which we read here in court?

DEFENDANT:      Yes, Your Honor.

THE COURT:      Anyone threaten you in any way?

DEFENDANT:      No, Your Honor.

*Id.* at 38. Defendant Stephenson's testimony under oath before the Court during the change-of-plea proceeding carries a strong presumption of accuracy, and the Court will not, absent a substantial showing, discredit that testimony. *See Blackledge v. Allison*, 431 U.S. 63, 74, (1977); *United States v. Maher*, 108 F.3d 1513, 1529 (2d

5

Cir. 1997); *United States v. Gonzalez*, 970 F.2d 1095, 1100-01 (2d Cir. 1992). The defendant makes no showing that he was coerced, let alone a substantial showing.

The defendant does suggest that he "feared . . . making the judge mad." Dkt. No. 169-1, Ex. A, p. 1. That was no doubt true in the sense that he admits he was trying to curry favor for tactical advantage in connection with a motion he was planning to make for release pending sentencing[2]. But the Court finds the defendant is a capable, persistent person who was not coerced during the October 1, 2020 change-of-plea proceeding. He has proven himself a staunch advocate for himself throughout this case, even when he has been represented by able legal counsel, and there is no showing that anything genuinely coercive played upon his mind during the change-of-plea proceeding.

Shortly after the last colloquy quoted above, defendant Stephenson entered his plea of guilty to the one-count Superseding Information, *id.* at 41-42, and the Court stated:

THE COURT:    It is the finding of the Court the defendant is fully competent and capable of entering an informed plea. His plea of guilty is a knowing and voluntary plea supported by an independent basis of fact containing each essential element of the offense charged. This plea is therefore accepted.

*Id.*

The defendant clearly admitted during his plea allocution that he is guilty of possessing a firearm while being an unlawful user of a controlled substance in violation of 18 U.S.C. § 922(g)(3) as alleged in the Superseding Information. Dkt.

---

[2]  The defendant stated on the record on November 9, 2020, that he wanted to withdraw his plea almost immediately after hearing the Court deny his counsel's motion for his release. Minute entry 11/09/2020.

No. 75.  Neither he nor his counsel claim he is innocent, and his counsel argued on December 11, 2020 that this motion to withdraw his guilty plea is not inconsistent with the defendant's request for an acceptance of responsibility downward adjustment for sentencing purposes, if the plea is not withdrawn.  The defendant's failure to discredit his admission of guilt tends to show the defendant entered his guilty plea because he is guilty, regardless of whether his other motives for entering the plea were frustrated as his case progressed.

On the other hand, counsel has also observed on defendant Stephenson's behalf that the "only" evidence in the record of the defendant's marijuana use are his post-*Miranda*[3] admissions to law enforcement officers as corroborated by the seizure of a "personal use amount" from his residence.  Dkt. No. 169-1, pp. 4-5, ¶¶ 21-23.  Apparently, the defendant believes these circumstances are inadequate support for his plea to violating 18 U.S.C. § 922(g)(3) as an unlawful use of a controlled substance.  But the Court was and is satisfied that the defendant's knowing and voluntary admission in his Plea Agreement that he was an unlawful marijuana user, Dkt. No. 164, p. 4, ¶ 4 f., corroborated by the uncontested proffer during the plea colloquy of admissible evidence of his oral admission to law enforcement officers and of the seizure of marijuana from his residence, is a legally sufficient factual basis under Fed. R. Crim. P. 11(c)(3) to establish that he was, in

---

[3] *Miranda* warnings are required to be given by law enforcement officers to persons subjected to custodial interrogation to ensure that the persons are aware of their rights against self-incrimination and to the advice of legal counsel.  *See Miranda v. Arizona*, 384 U.S. 436, 487-79 (1966).

fact, an unlawful marijuana user.  Dkt. No. 176, pp. 21-24; *see United States v. Maher*, 108 F.3d 1513, 1524 (2d Cir. 1997).

## CONCLUSION

The Court has considered defendant Stephenson's additional arguments in support of his motion to withdraw his guilty plea and finds them without merit.  For all of the foregoing reasons, the Court finds that the defendant, Tywon Stephenson, has failed to carry his burden to establish a fair and just reason to withdraw his October 1, 2020 plea of guilty to possessing a firearm while being an unlawful user of a controlled substance.  Sentencing shall be imposed as previously scheduled.

**IT IS SO ORDERED.**

*s/Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT COURT

Dated:  December 17, 2020