UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

                        Plaintiff,

        v.

TYWON STEPHENSON,

                        Defendant.

**DECISION AND ORDER**
17-CR-199-A
21-CV-099-A

---

## INTRODUCTION

Before this Court is Defendant Tywon Stephenson's *pro se* motion seeking to vacate and set aside his sentence pursuant to 28 U.S.C. § 2255. Dkt. 194.[1] Stephenson filed the motion on January 20, 2021, while he was incarcerated serving a sentence previously imposed by this Court on December 18, 2020. That sentence stemmed from Stephenson's plea of guilty to a Superseding Information, which charged him with being an unlawful user of a controlled substance in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2). Dkt. 187.[2] For the reasons which follow, Stephenson's motion is denied.

---

[1] References herein, unless otherwise indicated, are to filings contained on the docket in *United States of America v. Tywon Stephenson*, 17-CR-199-A.

[2] While the Bureau of Prison's (BOP) website indicates that Stephenson is, as of November 22, 2024, no longer in BOP custody, *see*, https://www.bop.gov/inmateloc/ (last accessed 1/24/2025), because Stephenson was "in custody" at the time his § 2255 motion was filed and because he is presently serving a term of supervised release which was imposed by this Court as part of its sentence, this Court has jurisdiction to entertain such motion. *See*, *Scanio v. United States*, 37 F.3d 858, 860 (2d Cir. 1994).

1

## BACKGROUND

The reader is presumed to be familiar with the procedural history of this case. Briefly, after being charged in a criminal complaint, Stephenson, on December 19, 2017, represented by Assistant Federal Defender Brian Comerford, Esq., appeared before this Court, waived indictment, and pleaded guilty, pursuant to a written plea agreement, to a one-count information charging him with violation of 26 U.S.C. § 5861(d) (possession of an unregistered short-barrel shotgun).  Dkt. 19, 20, 21. Following his plea of guilty and while awaiting sentencing, Stephenson's attorney, AFPD Comerford filed a motion seeking withdraw of representation of Stephenson. This Court granted that motion and assigned David Addelman, Esq., to represent Stephenson. *See*, Minute Entry in 17-CR-199-A, dated April 24, 2018.

On August 22, 2018, prior to sentencing on his plea to the Title 26 offense, Stephenson, filed a motion to withdraw his guilty plea. Dkt. 43. This Court found that the factual basis of the parties' plea agreement lacked sufficiency and granted Stephenson's motion to vacate his plea. *Id*.   Thereafter, attorney Addelman, like attorney Comerford before him, sought and received permission to withdraw as Stephenson's counsel.  This Court granted that request and appointed Frank Bogulski, Esq., to represent Stephenson. *See*, Minute Entry in 17-CR-199-A, dated January 18, 2019.

Subsequently, Stephenson was charged in a five (5) count indictment with various drug and firearms offenses. Dkt. 94.  Following this Court's denial of Stephenson's pretrial motions, Dkt. 137, Stephenson filed a motion seeking to proceed *pro se*.  Dkt. 142*.*

On July 23, 2020, after a lengthy colloquy, this Court granted the Stephenson's motion to proceed *pro se*, relieving his third assigned attorney, Mr. Bogulski, and appointing Cheryl Meyers Buth, Esq. to serve as Stephenson's standby counsel. *See*, Minute Entry in 17-CR-199-A, dated July 23, 2020; Dkt. 236.

On October 1, 2020, Stephenson appeared before this Court, and once again waived indictment and pleaded guilty, pursuant to a written plea agreement, to a Superseding Information. On this occasion, that Superseding Information charged Stephenson with being an unlawful user of a controlled substance in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2). Dkt. 161, 162, 163. As part of his plea agreement to that charge, Stephenson agreed, *inter alia*:

> 19. The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment [*84 to 105 months*], a fine [*$20,000 to $200,000*] and supervised release [*1 to 3 years*] set forth in Section III, ¶ 11(a), above, notwithstanding the manner in which the Court determines the sentence. In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.

Dkt. 163, ¶ 19.

While awaiting sentencing, Stephenson once again filed a motion to withdraw his plea of guilty. Dkt. 169. This time, Stephenson alleged that he was "coerced" into taking his plea and that his standby counsel was ineffective because he relied on her "advice in accepting the plea believing that it provided his best chance of a sentence of time-served, or at least a sentence close to that range," and "[b]ut for

3

[his] Counsel's advice about the sentencing enhancements [] Stephenson would have argued his motions and gone forward with trial." *Id.*, pp. 3-4.

On December 17, 2020, this Court denied Stephenson's motion to withdraw his plea, concluding that since he was proceeding *pro se*, he could not claim ineffective assistance of counsel and that he had not been "coerced" into entering into his plea agreement. Dkt. 182. On the following day, this Court, consistent with the terms and conditions of the parties' written plea agreement, sentenced Stephenson principally to a term of imprisonment of 98 months, 3 years of supervised release, and no fine. *See*, Minute Entry in 17-CR-199-A, dated December 18, 2020; Dkt. 187. The sentence imposed fell squarely within the appeal/collateral attack waiver provisions set forth in Paragraph 19 of the parties' plea agreement. *See*, Dkt. 163, ¶ 19. On January 20, 2021, Stephenson filed the instant § 2255 motion. Dkt. 194.

Following the entry of judgment and with the instant § 2255 motion pending, Stephenson directly appealed his conviction and sentence to the Second Circuit Court of Appeals. On appeal, he claimed: (1) that this Court erred in denying his motion to withdraw his guilty plea; and (2) that 18 U.S.C. § 922(g)(3) was unconstitutional. On May 12, 2023, the Second Circuit affirmed Stephenson's conviction and sentence. Dkt. 250; *see*, *United States v. Stephenson*, No. 21-74-CR, 2023 WL 3402310 (2d Cir. May 12, 2023).

## DISCUSSION

Initially, the Court notes that Stephenson's plea agreement provides that he "knowingly waives the right to appeal and collaterally attack any component of a

4

sentence imposed by the Court" within or less than 84 to 105 months imprisonment, a fine of $20,000 to $200,000, and a period of supervised release of 1 to 3 years. Dkt. 163, pp. 6, 9. The sentence imposed in this case was within the range of the appellate/collateral attack waiver contained in the plea agreement.

"A defendant's knowing and voluntary waiver of the right to appeal or collaterally attack his conviction and/or sentence is enforceable." *Sanford v. United States*, 841 F.3d 578, 580 (2d Cir. 2016). Such waivers must be enforced because, if they are not, "the covenant ... becomes meaningless and would cease to have value as a bargaining chip in the hands of defendants." *United States v. Yemitan*, 70 F.3d 746, 748 (2d Cir. 1995). The exceptions to the presumption of enforceability "occupy a very circumscribed area of our jurisprudence." *United States v. Borden*, 16 F.4th 351, 354–55 (2d Cir. 2021) (internal quotation marks omitted).

> We have recognized only five circumstances where we will not enforce a waiver: (1) where the waiver was not made knowingly, voluntarily, and competently; (2) where the sentence was based on constitutionally impermissible factors, such as ethnic, racial, or other prohibited biases; (3) where the government breached the agreement containing the waiver; (4) where the district court failed to enunciate any rationale for the defendant's sentence, and (5) where the waiver was unsupported by consideration."

*Cook v. United States*, 84 F.4th 118, 122 (2d Cir. 2023)(citations and quotations omitted). An ineffective assistance of counsel claim "challenging 'the constitutionality of the process by which he waived [his right to appeal]' " is one way a petitioner can demonstrate that his plea was involuntary and uninformed. *See Parisi v. United States*, 529 F.3d 134, 138 (2d Cir. 2008) (*per curiam*) (alteration in original) (quoting *United States v. Hernandez*, 242 F.3d 110, 113 (2d Cir. 2001)).

5

Of the foregoing, the only two grounds even arguably raised in Stephenson's motion are: (1) that his plea was involuntary based upon ineffective assistance, *see*, Dkt. 194, p. 7; and (2) that the government breached its plea agreement "when it advocated for a higher sentence." Dkt. 194, p. 5.  Both, however, lack merit and provide no basis for this Court to forego enforcement of the collateral attack waiver set forth in the plea agreement.

With regard to his claim of ineffective assistance of his standby counsel raised by Stephenson in his instant § 2255 motion, the Court notes that such claim was previously considered and rejected in Stephenson's unsuccessful motion to withdraw his plea of guilty.  *Compare* Dkt. 169 (motion to withdraw) *with* Dkt. 194 (§2255 motion).  Notably, as part of its decision on Stephenson's direct appeal of his conviction, the Second Circuit, affirmed this Court's prior decision (Dkt. 182) which rejected Stephenson's claim that he should have been permitted to withdraw his plea based upon ineffective assistance of counsel. *United States v. Stephenson*, 2023 WL 3402310, at *2 ("We discern no abuse of discretion in the district court's denial of Stephenson's motion to withdraw the plea.").  As part of its decision, the Circuit court noted that Stephenson's admissions in his plea agreement were "knowing and voluntary."  *Id*.

The law of the case doctrine "ordinarily forecloses relitigation of issues expressly or impliedly decided by the appellate court." *United States v. Becker*, 502 F.3d 122, 127 (2d Cir. 2007) (quoting *United States v. Quintieri*, 306 F.3d 1217, 1229 (2d Cir. 2002)). "Applying this general principle, we have held that section 2255 may not be employed to relitigate questions which were raised and considered

6

on direct appeal." *Id*. Here, Stephenson's effort to relitigate this issue—which was at least impliedly if not explicitly decided against him by this Court in its decision denying his motion to withdraw his plea, a decision which was affirmed by the Second Circuit—is foreclosed.

> Moreover, as the Supreme Court has recognized, courts are authorized:
>
> [to] appoint a 'standby counsel' to aid the accused if and when the accused requests help, and to be available to represent the accused in the event that termination of the defendant's self-representation is necessary. [Yet] a defendant who elects to represent himself cannot thereafter complain that the quality of his own defense amounted to a denial of "effective assistance of counsel."

*Faretta v. California*, 422 U.S. 806, 834, n. 46 (1975). In *United States v. Schmidt*, 105 F.3d 82, 90 (2d Cir. 1997), the district court, "acting over Schmidt's objection but within its discretion," appointed standby counsel. In that matter, the defendant represented herself at trial and was convicted. On appeal, she argued, among other things, that the district court had made inadequate inquiry as to her waiver of her right to counsel and that the performance of the standby counsel appointed "was so deficient and prejudicial to her that it constituted ineffective assistance of counsel." *Schmidt*, 105 F.3d at 89. The Circuit held:

> Having chosen to represent herself, she may not now be heard to complain that her own shortcomings spell out some sort of constitutional deprivation. [T]here is no constitutional right to hybrid representation of the kind defendant received here where she shared the duties of conducting her defense with a lawyer. Absent a constitutional right to standby counsel, a defendant generally cannot prove standby counsel was ineffective. As might be expected, a standby counsel's duties are considerably more limited than the obligations of retained or appointed counsel. [ ]. ***Because Schmidt proceeded pro se, she may not now assign blame for her conviction to standby counsel***.

7

*Id*. at 90 (emphasis supplied). The same principle precludes Stephenson's arguments in this case. Having opted to represent himself, Stephenson cannot now be heard to complain that he was misguided by standby counsel.

In this case, Stephenson clearly desired to represent himself. Prior to being permitted to proceed *pro se*, Stephenson expressed his dissatisfaction with each of his three prior assigned attorneys claiming that each had been ineffective. *See* Dkt. 30, 61, Minute Entries in 17-CR-199-A, dated July 9, 2020, July 16, 2020, and July 23, 2020. Further, this Court, conducted a lengthy and extensive colloquy prior to granting Stephenson's motion to proceed *pro se*, Dkt. 236, and Stephenson does not even allege that the Court erred in allowing him to proceed *pro se* nor does he claim that his decision to do so was unknowing or involuntary. Stephenson was clearly actively conducting his own representation. Thus, he does fall within the narrow exception recognized in *Schmidt*, wherein the Circuit noted that it might "entertain a claim for ineffective assistance of standby counsel if standby counsel 'held that title in name only and, in fact, acted as the defendant's lawyer throughout the proceedings.' " *United States v. Morrison*, 153 F.3d 34, 55 (2d Cir. 1998) (quoting *Schmidt*, 105 F.3d at 90); *United States v. Archambault*, 740 F. App'x 195, 199 (2d Cir. 2018) (same). That was not this case.

Even assuming he could pursue a claim that his standby counsel was ineffective, Stephenson has failed to articulate a factual basis for such a claim. Nowhere does he claim that his plea was involuntary and even if he did, any such claim is belied by the express, unambiguous terms of the plea agreement and Stephenson's sworn statements at the plea allocution hearing. Dkt. 176. At best, he

8

claims that standby counsel erroneously predicted his sentencing range. Dkt. 169, pp. 3-4 (wherein Stephenson claims that his standby counsel was ineffective because she advised him that the plea represented his best chance of a sentence of time-served, or at least a sentence close to that range and that "but/for [standby] Counsel's advice about the sentencing enhancements [he] would have argued his motions and gone forward with trial."). Such argument is foreclosed, however, by Second Circuit precedent which has made clear that the erroneous prediction of possible sentencing range under the guidelines does not constitute ineffective assistance of counsel. See, *United States v. Sweeney*, 878 F.2d 68, 70 (2d Cir. 1989). Thus, Stephenson's claim that his standby counsel was ineffective is substantively and procedurally meritless, and as such, it provides no basis to avoid enforcement of the collateral attack waiver set forth in his plea agreement.

Also, patently frivolous is Stephenson's claim that the government breached the parties' plea agreement "when it advocated for a higher sentence." Dkt. 194, p. 5. In the parties' plea agreement, the government reserved its right to "modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information, including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation or factor." See, Dkt. 163, ¶16(d). Following the entry of the plea, Stephenson filed a motion to withdraw his plea. Dkt. 169. Based upon that motion, the government argued that: (1) that this Court should grant an obstruction of justice enhancement, pursuant to U.S.S.G. § 3C1.1; and (2) that Stephenson should be

9

denied acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1. Dkt. 175, pp. 1-5. At sentencing, this Court denied the government's request for an obstruction enhancement but granted the request denying Stephenson the downward adjustment for acceptance of responsibility. Dkt. 242, pp. 9-10; *see*, *United States v. Hirsch*, 239 F.3d 221, 226 (2d Cir. 2001)("[a]n attempt to withdraw a plea…is a well-established ground for denying the adjustment [for acceptance of responsibility].").

The Government explicitly reserved its right in the plea agreement to modify its sentencing recommendations based upon Stephenson's post-plea conduct. *See*, Dkt. 163, ¶16(d). Thus, this Court concludes that the government's decision to seek modify its sentencing recommendations by arguing for the denial of the downward adjustment for acceptance of responsibility and in favor of the upward adjustment for obstruction—both of which were based exclusively to Stephenson's post-plea conduct in seeking to withdraw his plea—did not amount to a breach of the parties' plea agreement.

Finally, the record reveals that the government, in the plea agreement, expressly reserved its right to advocate for a sentencing range of imprisonment of between 84 and 105 months, the same range for which Stephenson also agree to waive his right to appeal or collaterally attack his sentence. *See*, Dkt. 163, ¶¶11(a), 16(c), and 19. Since this Court imposed a sentence within that range, Stephenson—regardless of any changed recommendation by the government based on his post-plea conduct—received precisely the sentence for which he agreed to waive his right to appeal or collaterally attack. For these reasons, this Court determines that the waiver here is enforceable.

**CONCLUSION**

Therefore, Stephenson's § 2255 motion (Dkt. 194) is **DENIED**. No certificate of appealability shall issue because Stephenson has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see* 28 U.S.C. § 2253(c)(2) ("A certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right.").

**IT IS SO ORDERED.**

                                              *s/Richard J. Arcara*
                                      HONORABLE RICHARD J. ARCARA
                                      UNITED STATES DISTRICT COURT

Dated: February 3, 2025